# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RITA FOUST as Personal Representative of the Estate of EDWIN FOUST,** | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 2:06-CV-1224-VEH |
| v. | )<br>)<br>) |
| **MERCK & CO., INC., Adam Goldweber, Shanti Samuel, Brian Roundtree, Bobby Jordan, Kelly Rigdon, and FICTITIOUS DEFENDANTS A, B, C, and D,** | )<br>)<br>)<br>)<br>) |
| Defendants. | |

## **MEMORANDUM OPINION**

This matter comes before the court on Plaintiff's Emergency Motion to Remand (doc. 13). This motion has been briefed extensively and is ripe for review. A hearing has not been requested on the instant motion, and the court is satisfied that a decision can be reached based on the papers submitted by the parties.[1] For the reasons stated herein, the Motion to Remand is due to be **GRANTED**.

---

[1] Plaintiff requested that, should the court determine a hearing to be necessary, such a hearing be conducted in an expedited fashion.

1

**Procedural History**

On May 18, 2006, the Plaintiff, Rita Foust, as Personal Representative of the Estate of Edwin Foust, deceased, commenced this action against the Defendants in the Circuit Court of Jefferson County, Alabama. Defendant Merck & Company, Inc. ("Merck") removed the action to this court on June 23, 2006.

Merck asserts that this court has original jurisdiction over this case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties. 28 U.S.C. § 1332 does confer jurisdiction on the Federal District Courts in cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).[2]

Merck argues that the individual Defendants, Adam Goldweber, Shanti Samuel, Brian Roundtree, Bobby Jordan, and Kelly Ridgon have been fraudulently joined in an effort by Plaintiff to defeat diversity jurisdiction. Plaintiff asserts that the inclusion of the individual Defendants in the originally filed Complaint destroyed complete diversity. Defendant Brian Roundtree is a citizen and resident of Georgia. Plaintiff and each of the additional individual Defendants are citizens of Alabama.

---

[2]The Plaintiff does not dispute that the jurisdictional amount is met. The court will therefore turn to the question of diversity.

## **Standard of Review**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In reviewing a Motion to Remand, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. *Friedman v. New York Life Ins. Co.,* 410 F.3d 1350 (11th Cir. 2005); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under Eleventh Circuit precedent, joinder is fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional issue; and (3) when a diverse defendant is

joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.[3]  *Id*.  *See also Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993); *Tapscott v. MS Dealer Service Corp.*; 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled as conflicting with prior panel decision on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  If any of these situations are present, the nondiverse defendant has been fraudulently joined and its citizenship should be ignored for purposes of determining jurisdiction.  *Id.*

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by the parties."  *Id.* at 1380.  "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b) ... the jurisdictional inquiry must not subsume substantive determination."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citations and marks omitted).  A district court must resolve

---

[3]In the present case, Defendants assert that only the first type of fraudulent joinder is applicable; accordingly, the court will offer no analysis as to the second and third situations under which a fraudulent joinder can occur.

4

all questions of fact in favor of the plaintiff; however, there must be some dispute of fact before the court can resolve that fact in the plaintiff's favor. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). When a defendant's affidavits are not disputed by the plaintiff, the court "cannot then resolve the facts in the [plaintiff's] favor based solely on the unsupported allegations in the Plaintiff's complaint." *Id.*

A federal court must be certain of its jurisdiction before "embarking upon a safari in search of a judgment on the merits." *Crowe*, 113 F.3d at 1538. A "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542.

## Discussion

As to the issue of whether this court should defer to the transferee court to decide the remand issue, the court is persuaded by the logic of *Morales v. American Home Products Corp.*, 214 F. Supp. 2d 723 (S.D. Texas 2002), where the Eastern District Court wrote:

> It is abundantly clear that a conditional transfer order by the MDL panel does not affect or suspend any pretrial proceedings in this Court. This Court has sometimes deferred to the MDL court when presented with an issue likely to be common among all other cases throughout the nation. Here, however, the key question is whether Defendant Circle K has been fraudulently joined. This issue is controlled by the law of the Fifth Circuit Court of Appeals and ultimately the laws of Texas, as applied to

the pleadings in this case. There is no reason to ask a federal court in Washington to make that decision.

*Morales v. American Home Products Corp.*, 214 F.Supp.2d 723, 725 (S.D.Tex.,2002). Similarly, the key issue being decided by this court is whether the individual Defendants have been fraudulently joined. This is a question of Eleventh Circuit and Alabama law, best decided by a federal court sitting in Alabama.

In Count VI, the Plaintiff asserts a claim for Fraud-Misrepresentation against the individual (Alabama-resident) Defendants. Under Alabama law, "[t]he elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Ex parte Michelin N. Am., Inc.*, 795 So. 2d 674, 678-79, (Ala. 2001).

In Count VI the Plaintiff alleges:

1. that Defendants "fraudulently made material misrepresentations that Vioxx . . . was safe and effective. Defendants represented Vioxx as safe so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product;" *Complaint*, at 20.

2. that these representations were made so that Plaintiff and the general public would rely on these representations and take the drug; *Id.*

3.  that "[individual] Defendants made representations to Plaintiff's prescribing physician that Vioxx was safe and effective, and did not cause cardiovascular risks. [That] these representations were false, and were made intentionally and/or recklessly, but with knowledge of their falsity. The prescribing physician relied upon these representations and prescribed Vioxx to the Plaintiff, proximately resulting in [injury]." *Id.*

At least with regard to Count VI, Plaintiff has not asserted "obviously fraudulent or frivolous claims" against the individual Defendants and thus their joinder is not fraudulent. The court is of the opinion that it does not have diversity jurisdiction; however, the court would be derelict in its analysis without discussing the impact of the 11th Circuit's holding in *Legg* on this case.

The relevant discussion in *Legg* states:

> We have explained before that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998) (emphasis added). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (quoting *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact ⋯ in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989). But there must be some question of fact before the district court can

7

resolve that fact in the plaintiff's favor.  In this case, for example, the Plaintiffs did not dispute Stubblefield's sworn statement that he never promoted or sold the drug Redux.  With no response from the Plaintiffs, there was no question of fact for the court to resolve.  The same goes for Weaver, who asserted that she did not know Redux may cause valvular heart disease.  The Plaintiffs offered no evidence to dispute this sworn statement.  When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint.

*Legg*, 428 F.3d at 1322-1323.

The individual Defendants have produced affidavits in an effort to contradict many of the allegations in the Plaintiff's complaint; however, the affidavits of the individual Defendants, Kelly Rigdon, Shanti Samuel, and Adam Goldwater, fail to evidence a disputed issue of fact as to Plaintiff's claim of Fraud-Misrepresentation such that would require this court to give their affidavits weight and deference pursuant to *Legg*.  Specifically, as related to Plaintiff's Fraud-Misrepresentation claim, the affidavits offered by these individual Defendants fail to contradict Plaintiff's allegations that: (1) these individual Defendants made false representations concerning the safety of Vioxx to Mr. Foust's prescribing physician; and (2) Mr. Foust reasonably relied on the representations concerning the safety of Vioxx.  As there are issues of fact which are not challenged by these Defendants' sworn statements, the court must resolve those issues of fact in favor of the Plaintiff. Accordingly, the Plaintiff could possibly maintain a claim of Fraud-Misrepresentation

against the individual Defendants in state court; thus, this court is void of jurisdiction over this matter.

This case will be **REMANDED** to the Circuit Court of Jefferson County, Alabama. A separate order will be entered.

**DONE** this 18th day of July, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge